The next case, number 23-1496 and number 23-1497, United States v. Joel Dudley. At this time, would counsel for the appellant please introduce himself on the record to begin? Good morning. I may have pleased the court. Attorney Luke Roesel, appearing for Joel Dudley. May I please reserve one minute for rebuttal? You may. Thank you. The evidence regarding the challenged violations was too weak to support the district judge's statutory maximum sentence. So this court should remand this case for resentencing. In terms of the weak evidence, what I'm going to try and focus on here today is the Richard Rich evidence and the 0956 phone evidence. So starting first with the Richard Rich evidence, it stems from May 2022 and two roughly contemporaneous events. May 11, 2022, Mr. Rich makes the initial report to his probation officer that Mr. Dudley had shown Mr. Rich the CSAM on Mr. Dudley's tablet. That's May 11. May 12, a warrant issues, which I've included in my addendum and I'm asking the court to take judicial notice of it out of Maine State Court, asking for permission to search devices that had already been seized from Mr. Rich. So what that shows is that Mr. Rich began making these reports in the wake of having his devices seized on suspicion of CSAM. As I said, the initial report there was just that Mr. Rich had viewed CSAM on Mr. Dudley's tablet. And then when Mr. Rich comes back in for an official proffer session in September, he expands on his allegations and talks about this Maine Mall incident from March or April. Counsel? Yes. Your brief did a good job of laying out all the arguments about why you think Mr. Rich's But your client had the opportunity to cross-examine, I think raised all these issues in the cross-examination from what I can tell looking at the briefing, and the trial judge who watched the witness testify live made a decision. So I know you're aware of the difficult standard for overturning a credibility decision in particular by a trial court. And so normally we look to something quite significant, you know, internal inconsistency, something that really objectively shows that we have to put aside the trial judge's credibility determination. What is that here in your view? What's your strongest argument for why this is not testimony that the trial judge having seen the witness could credit? Sure. So I would say three things on that, Judge Rickleman. I think there are indicia of a lack of credibility in the brief that were not brought out at the hearing below. For example, the seizure of Mr. Rich's devices before he made that initial report. As well, a couple other factors that were in evidence but weren't emphasized before the district judge. The fact that Mr. Dudley, after the May allegation. If they weren't emphasized before the district court judge or brought out, then why would they be an appropriate basis for us to reverse? Certainly, Your Honor. So with respect to the warrant. Excuse me, counsel. Why would that be an appropriate basis? It sounds like you're making an ineffective assistance of counsel argument, but in reply to the question, although you have not made it in your briefs, if counsel failed to emphasize certain things before the trial court that you now want to emphasize on appeal, it's a little hard to see why that would go to the judge's credibility assessment. Certainly, and in terms of the Sixth Amendment argument, that's correct. I'm not presenting it on direct appeal, that being the weakest form in which such an argument can be presented. There needs to be a lot more information in the record about- Okay. Now that you have undercut the basis for the argument you started to make, can we go back to looking at what was the record before the trial judge, how you can possibly meet the standard of upsetting the judge's credibility argument, and back to Judge Riggleman's question, what is your strongest argument on that? Certainly, I think the strongest argument on that is an alternative argument, that even if it wasn't clear error, it still shows that the evidence was too weak to support the statutory maximum sentence that was opposed here, and it goes to the plausibility and defensibility of that sentence under the substantive reasonableness analysis. A couple of the facts that were in the record that I'd like to very briefly emphasize- I'm sorry. Let me unpack that. So you would say the judge's credibility finding stands, but nonetheless, the sentence is unreasonable? Is that the argument? That's the alternative argument, yes, Judge Lynch. And so the other facts I just want to emphasize are that after the May report, Mr. Dudley was made to take a, or did take a polygraph test, said he'd had no contact with CD, no CCM past that. In December 2022, Homeland Security Agent Fife sat down with CD, CD said, I've had no physical contact with Mr. Dudley, I haven't sent him any video, no messages, I've never communicated with him with an alias. And so when you've got the statutory maximum sentence that's undergirded on the one hand by evidence from a highly compromised government witness, where there are internal and external inconsistencies as are discussed in Oquando Rivera, Mr. Rich says in one instance that he did not use this tablet, his sign-in information's on the tablet, he'd said previously he had used it, Mr. Dudley was on GPS at the time the main mall incident was meant to have taken place, no GPS or other objective evidence putting him there. I think there's a very strong argument to be made that it's too paltry a factual basis on which to rest such a heavy sentence. The other group of evidence I'd like to address with my remaining time before rebuttal is the 0956 phone evidence. There, there was no evidence putting that into Mr. Dudley's possession, certainly not after the CCM was put onto it, right? The way the government got that phone was through a school resource officer to whom CD had given it. There was an instance where Mr. Dudley answered a call on the 0956 phone, he testified below that's because he had call forwarding on, but even if that puts the phone in his possession at that point in time, certainly doesn't put it in his possession at the point in time when there was a CCM found on it. There was no evidence on how the CCM came to be located there, no evidence that it traveled over the internet, which takes away from any proof that it had traveled through interstate commerce. And the only evidence of what the CCM depicted, it was not in the record, was Totem Hearsay apparently from an agent who had viewed the evidence going through the probation report to the judge via that route. And all it said... What do you mean, apparently? Because the declarant is unidentified in the record. Who is making these representations that the person... Was there even any testimony about whether it was a declarant? There was testimony and there was evidence that the information about who had viewed the phone came from the probation report. And that's at Record Appendix 1, I believe, page 22, and then the testimony Record Appendix 2, page 99, was from the probation officer saying, oh, well, there was a number of videos of CD on there. The probation officer never testified to having viewed these videos. The only information coming from anyone who apparently viewed the videos is in that probation report. That doesn't establish that it was hearsay. That's just a question about whether the agent, the testifying agent, Phillips, had personal knowledge or not. That's a different objection. Well, I think whatever statement, whoever it was that viewed the evidence made in the probation report was an out-of-court statement. But I think ultimately... We don't know whether she viewed it or not. Precisely. And the government... So it doesn't make it hearsay. Well, Judge Howard, arguing the alternative, even if it's not hearsay, it's still not evidence that satisfies the, even under the preponderance standard... Because of her lack of personal knowledge. Certainly. Which was not raised. Well, and I take the point that this specific argument, you know, Judge, it's not even in the record. How do we know it's on the video? That wasn't raised. But what was raised repeatedly was the argument that the evidence was too weak to support any Grade A violations, and this was a Grade A violation. And even if we're under the plain error rubric for unpreserved errors, here the evidence of what that video depicted was so minimal that it does not, even under the preponderance standard, rise to the level of satisfying... What do you mean it was so minimal? You think the evidence that John Smith was our defendant here? No, I wasn't speaking to that, Judge Howard. May I have one moment to answer Judge Howard's question? Yes. Go ahead. Thank you. What I was speaking to was the evidence... You mean what is depicted on the... Precisely. And so what we have there is what was depicted was a person who appears from physical parents to be CD. Nothing about her distinctive facial features, distinctive features of any kind. And I think the case on that, United States v. Hilton, 386F13, it was insufficient for someone to testify that it appeared to be children engaged in sexually explicit conduct. That's almost verbatim what was on the record here about the... The agent testified who it was. No, the probation officer testified. That's what I meant, the probation officer. Certainly. But there was no testimony from anyone who said, I viewed that... Again, you've got the... This is just a personal knowledge question, which wasn't even raised. Well, the weakness of the evidence was argued, but I take Your Honor's point that the specific weakness that I'm now trying to give voice to was a matter that's been raised on appeal. Thank you. Thank you. Thank you, counsel. At this time, counsel for the government can please introduce himself to begin. Good morning. May it please the court, Brian Kleinbord on behalf of the United States. Your Honors, the argument framed by Mr. Dudley on appeal is largely one of factual resolutions that were the province of the district court, in particular credibility determination between the government's cooperating witness and Mr. Dudley himself. On that score, the district court, in this case Judge Singal, had already presided over a three-day revocation hearing during which Mr. Dudley testified and the cooperating witness testified. He'd also presided over a previous revocation hearing and a perjury conviction that Mr. Dudley previously had. And so, and then at the conclusion of the evidence in this case, the court said that he found Mr. Dudley to have lied to the court both in his testimony and his allocution. So I think the fact that the court resolved this credibility battle between the government's cooperating witness and Mr. Dudley in the government's favor, it was a sound decision by the district court and Mr. Dudley has not marshaled any evidence on appeal that would undermine the district court's decision. In fact, today the court asked appellate counsel, are there, there have to be some internal inconsistencies in a record like this beyond just, you know, ways in which you tried to undermine the cooperating witness's credibility. And I didn't hear, I didn't hear an answer to that question that went into any internal inconsistencies in the cooperating witness's testimony. Counsel, what about Mr. Dudley's argument that the evidence that was before the district court, the alternative argument just wasn't strong enough for the particular violations that were driving the real sentence here? In terms of the evidentiary issue or the sentencing? The sentencing, the substantive reasonableness argument. Oh, I think the court's sentence, it's abusive discretion standard. The fact that Mr. Dudley, Mr. Dudley repeatedly and flagrantly violated the conditions of his supervised release. This was the second time he had been found to have violated supervised release. The number of unauthorized devices that he has been found to possess over the time he was on supervised release. The fact that his conduct on supervised release was exactly the kind of conduct that he was originally sentenced for, possession of CSAM and sexually abusing his minor daughter. I think the maximum sentence for these violations was certainly reasonable and the court did not abuse its discretion in that regard. Counsel, an argument is made in the brief that the district judge was required to recuse because of some statements that had been made in the course of the earlier proceedings involving this defendant over which he had presided. This court affirmed those very rulings which are now the basis for the recusal argument. It's hard for me to imagine that where this court has affirmed the findings of a trial is a recusal argument. Is there any case law in this? No, Your Honor. There is no case law that suggests that. No, my point isn't case law in his favor. Is there any case law that says this is just a non-starter argument? Don't make it. Not that I'm aware of, Your Honor, but I think the argument on the recusal issue comes down to Mr. Dudley points to an evidentiary ruling that the court made that was, as you point out, was affirmed by this court. There's also evidence to suggest that Judge Singel not only was not biased against Mr. Dudley, but gave him the benefit of the doubt in the first trial and sentenced him below what the government recommended and made the comment that he didn't want to put Mr. Dudley behind bars for the rest of his life. And if anything, was abundantly fair to Mr. Dudley in his sentencing and handling of that case. And so there are no facts whatsoever that show any bias or impartiality on the judge's part, and he was well within reason to deny the motion for recusal. I would say unless the court has any additional questions, the government will submit on the arguments in its brief. Any further questions, Judge Lynch? Thank you. Thank you. Thank you, counsel. At this time, counsel for the appellant will please reintroduce himself on the record. He has a one-minute rebuttal. Hello, Your Honor. It's Luke Rusile for the appellant, Joel Dudley. I'm going to try and just speak in this minute to the question Judge Lynch asked on the impartiality argument. That is a two-prong argument. It's not just the recusal cases, but the other cases that are cited in the brief are the aura of impartiality cases around the conduct of a judge during a hearing or trial. And here I do set out a – And my same question applies. Why would we ever want to suggest that where we have affirmed a trial judge's factual finding and said there was no error, why would we ever want to suggest that that then suggests that there is a lack of impartiality on the part of the judge? I don't think you're helping yourself by making that argument. I understand. If I may just have an additional moment to answer Judge Lynch's question. Yes, you may. It's just an objectively reasonable person looking at the record, seeing the previous things that had been the basis of the motion or recuse at the time it was brought, seeing the rather extended amount of effective across-examination that the judge engaged in during the defendant's testimony, seeing the judge at the end not only find that the defendant was not credible, but also say the judge would like the DOJ to look into that lack of credibility, suggesting a potential perjury charge. And then on the basis of statements from a case agent that someone appeared to be a 17-year-old on a video and statements from a highly compromised witness – What does that have to do with the judge's impartiality? I would say that when a judge imposes such a statutory maximum sentence on evidence that is that weak, an objective person – All right. All right. It's the same argument. Thank you. Very well. Thank you. Thank you. Thank you, counsel. That concludes argument in this case.